UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ABINION MOTORS OF CRYSTAL LAKE d/b/a FOX VALLEY VOLKSWAGEN CRYSTAL LAKE, *et al.*, <br><br>  Plaintiffs, <br>  v. <br><br> VOLKSWAGEN GROUP OF AMERICA, INC., <br><br>  Defendant. | Case No. _____ |

**DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S
NOTICE OF REMOVAL**

Defendant Volkswagen Group of America, Inc. ("VWGoA"), by and through its counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the Illinois Motor Vehicle Review Board ("MVRB") to the United States District Court for the Northern District of Illinois, and states the following in support thereof:

**PRELIMINARY STATEMENT**

1.  In *Volkswagen Group of America, Inc. v. Giannoulias*, No. 22-cv-7045 (N.D. Ill.) (the "Prior Action"), Judge Tharp ruled that a new amendment to the Illinois Motor Vehicle Franchise Act, the "Multiplier Act," 815 ILCS 710/6, "allows increases in wholesale prices and/or the issuance of surcharges in Illinois, as long as they are applied across the board and not just on certain dealers receiving 1.5x multipliers on Volkswagen's time guides." 2024 WL 2020036, at **11-12 (N.D. Ill. May 6, 2024) ("the Court ultimately adopts the defendants' proposed interpretation of the statute—namely, that the provision bars manufacturers from differentiating Illinois dealers with whom they have not entered into time guide agreements (and for whom the 1.5x Multiplier Provision therefore applies), from those with whom they have entered into such agreements, through the issuance of extra fees or surcharges.").

2. On September 20, 2024, Plaintiffs, which are 33 Illinois Audi and Volkswagen dealers, filed a Notice of Protest (the "State Action") with the MVRB, seeking a different outcome on the same issue in a new forum (attached hereto as Exhibit A).

3. Because (1) this Court has original jurisdiction over the State Action, and (2) the State Action directly challenges the Court's ruling in the Prior Action, shops for a different forum to undermine the settled interpretation of the law that VWGoA has relied upon, and raises significant constitutional issues and other federal interests, VWGoA files this notice of removal to return this case to its proper forum in federal court.

## I.  BACKGROUND

**A. The Prior Action: *VWGoA v. Giannoulias*, 1:22-cv-07045 (N.D. Ill.) (Tharp, J.)**

4. VWGoA filed suit in the Northern District of Illinois on December 14, 2022, challenging the constitutionality of the Multiplier Act and suing the state officials responsible for implementing and enforcing the Multiplier Act, including the seven members of the MVRB. Prior Action, ECF 1 at ¶¶ 19–22.

5. VWGoA's Complaint alleged that the Multiplier Act violated (among other things) the Takings Clause, Commerce Clause, Due Process Clause, Equal Protection Clause, and the First Amendment specifically as to a provision relating to cost recovery (the "Recoupment Bar").

6. The defendants in the Prior Action moved to dismiss VWGoA's Complaint. The Court granted that motion on May 6, 2024, dismissing VWGoA's claims. In doing so, the Court interpreted the Multiplier Act—and in particular the Recoupment Bar—to avoid constitutional issues and permit VWGoA to recover its costs incurred in connection with the Multiplier Act (Prior Action, ECF 55, 2024 WL 2020036, henceforth the "Order").

7. Defendants, including all of the seven members of the MVRB, did not appeal the Court's interpretation of the Recoupment Bar (understandably, as it was the interpretation they had proposed themselves). The Order stands as a final judgment and remains the only interpretation of the Multiplier Act and Recoupment Bar by any court.

**B. VWGoA Relies on the Order and Implements a Cost Recovery Plan**

8. Relying on the interpretation of the Recoupment Bar pressed by the defendants in the Prior Action (including the MVRB board members), and the Order adopting that interpretation, VWGoA worked to create and implement a cost recovery plan.

9. On July 17, 2024, representatives of Audi of America, Inc. and Volkswagen of America, Inc., each a division of VWGoA, issued communications to all Illinois Audi dealers and Illinois Volkswagen dealers, respectively, informing them of VWGoA's cost recoupment plan (the "Cost Recoupment Notices"). *See* State Action at Exs. 1–2.

**C. The Illinois Dealers File the State Action**

10. In response to the Cost Recoupment Notices, the Plaintiffs, a group of 33 Illinois Audi and Volkswagen dealers, initiated the State Action as a protest before the MVRB, seeking to convince a new forum to ignore the Order and the Court's interpretation of the Multiplier Act and Recoupment Bar.

11. The State Action takes pains to avoid discussing the substance of the Order, merely describing it as a routine dismissal. State Action at 4. There is no mention of the Court's interpretation of the Recoupment Bar, as put forward by the Prior Action defendants including the MVRB members; no mention of the Court's adoption of that interpretation; nor any mention of the Court's express ruling that the statute permits manufacturers like VWGoA to recoup the new costs imposed by the Multiplier Act.

3

12. Having ignored the Court's ruling, the State Action then asks for relief that, if granted by the State, implicates the Commerce Clause of the United States Constitution. Plaintiffs do so by arguing that VWGoA must only be allowed to recover its costs by changing wholesale prices to "*all* Audi and Volkswagen dealers, *not merely those in Illinois*." *Id*. at 7 (emphasis added).

## II. THIS COURT HAS JURISDICTION OVER THE STATE ACTION

### A. Legal Standard

13. Removal of civil actions is governed by 28 U.S.C. §§ 1441 and 1446.

14. Under Seventh Circuit precedent, the State Action is an action in "state court" for purposes of removal under §§ 1441 and 1446. *See Floeter v. C.W. Transport, Inc.*, 597 F.2d 1100, 1102 (7th Cir. 1979).

### B. The Removal is Timely

15. VWGoA was served with the State Action on October 1, 2024. This Notice of Removal is being filed within 30 days of such service. 28 U.S.C. § 1446(b)(1).

16. Venue of this removal is proper under 28 U.S.C. § 1441(a) as this Court is the United States District Court for the district and division corresponding to the place where the State Action was pending.

### C. The Court Has Subject Matter Jurisdiction Over the State Action

17. *Federal question jurisdiction.* Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

18. As described above, the State Action puts the Plaintiffs' requested relief at odds with the Commerce Clause, thereby implicating significant federal issues.

19. *Diversity jurisdiction.* This Court also has subject matter jurisdiction over this case through diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(3). Here, there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

20. VWGoA is a New Jersey corporation with its principal place of business in Virginia. Prior Action, ECF 1 at ¶ 16. The citizenship of the 33 Illinois dealer Plaintiffs is listed in full in the chart attached hereto as Exhibit B; as that chart shows, each of the Plaintiffs is a citizen of states or a foreign state other than New Jersey and Virginia.

21. The amount in controversy in this matter easily exceeds $75,000. Millions of dollars are at stake. *See, e.g.,* Prior Action, ECF 1, at ¶ 98 (alleging VWGoA's cost of complying with the Multiplier Act).

**D. The State Action Is Removable Like An Action Filed in State Court**

22. The MVRB's procedures are substantially similar to those traditionally associated with the judicial process, *i.e.*, they have an essentially judicial character.

23. The claims at issue could have been brought in any state or federal court with jurisdiction. *See* State Action at 7-8; 815 ILCS 710/13 (authorizing private rights of action in court for alleged statutory violations); 735 ILCS 5/2-701 (authorizing declaratory actions in state court); 28 U.S.C. § 2201 (authorizing declaratory actions in federal court).

**E. Federal Interests Permeate This Action and Outweigh State Interests**

24. The Commerce Clause issues raised by the State Action alone sufficiently elevate the federal interests in this case above state interests.

25. But that is not the only federal issue at stake. The Plaintiffs' forum-shopping maneuver in filing the State Action challenges the Court's ruling in the Prior Action. These challenges implicate strong federal interests, in multiple forms. These include, at a minimum: the

Court's interest—and the federal system's interest more generally—in its judgments being respected; interests on the part of VWGoA and the federal court system regarding the relitigation of settled questions, particularly by parties to such prior litigation (*i.e.*, the MVRB through its members); and the application of federal law to the Plaintiffs' claims as well as to the other federal issues that the State Action raises.

26. Removal of the State Action to this Court furthers the foregoing federal interests.

### III. MISCELLANEOUS

27. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being forwarded to counsel for Plaintiffs as identified in the attached certificate of service, and this Notice of Removal is being filed with the MVRB.

28. By filing this Notice of Removal, VWGoA expressly reserves, and does not waive, any defenses or counterclaims they have to Plaintiffs' claims, and VWGoA does not concede any of the allegations Plaintiffs have made.

WHEREFORE, Defendant VWGoA does hereby remove the above-captioned action from the MVRB and requests that further proceedings be conducted in this Court as provided by law.

Dated: October 11, 2024

Respectfully submitted,

By: */s/ Owen H. Smith*

Owen H. Smith
Matthew A. Bills
Edward F. Malone
Jack O. Snyder
Carmel I. Dooling
BARACK FERRAZZANO
 KIRSCHBAUM & NAGELBERG LLP
200 W. Madison Street, Suite 3900
Chicago, Illinois 60606
(312) 984-3100
(312) 984-3150 (facsimile)

        owen.smith@bfkn.com
        matthew.bills@bfkn.com
        ed.malone@bfkn.com
        jack.snyder@bfkn.com
        carmel.dooling@bfkn.com

        Attorneys for Defendant Volkswagen Group of America, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on October 11, 2024 a true and correct copy of the foregoing Notice of Removal was transmitted via e-mail and U.S. mail to the following:

Ira M. Levin (ilevin@burkelaw.com)
Eric P. VanderPloeg (evanderploeg@burkelaw.com)
Burke Warren MacKay and Serritella P.C.
330 N. Wabash Avenue, Suite 2100
Chicago, IL 60611

*/s/ Owen H. Smith*
